UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:25-cr-38-REW-MAS-2 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KELLIE MARIE MILLER, | ) | |
| | ) | |
| Defendant. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 133 (Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned accept Defendant Kellie Marie Miller's guilty plea and adjudge her guilty of Counts 1 and 12 of the Indictment (DE 1). *See* DE 135 (Recommendation); *see also* DE 132 (Plea Agreement). Judge Stinnett expressly informed Miller of her right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 135 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in h[er] objections to the magistrate [judge]'s report and recommendation . . . [s]he has forfeited h[er] right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any

objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 135, **ACCEPTS** Miller's guilty plea, and **ADJUDGES** Miller guilty of Counts 1 and 12 of the Indictment.

2. Further, per Judge Stinnett's unopposed recommendation and Defendant's agreement (DE 132 at ¶ 10), the Court provisionally **FINDS** that the property identified in the operative indictment (DE 1 at 7-8, to wit a money judgment for proceeds obtained by Defendant) is forfeitable and that Miller has an interest in said property, and the Court preliminarily (and provisionally) **ADJUDGES** Defendant's interest in such property **FORFEITED** and thus, the Court enters a preliminary order of forfeiture. However, the record does not, in the Court's view, substantiate the amount Miller "obtained" as proceeds. Thus, the United States shall file a joint or other motion addressing the money judgment amount, particulars, and the need for a hearing. If the motion is not joint, Defendant shall respond, indicating the defense's position and the need for a hearing. The motion is due within fourteen days, and any response within seven days of motion filing. Though the Court will order forfeiture, the record needs development on particulars.

3. The Court will issue a separate sentencing order.[1]

This the 9th day of February, 2026.

---

[1] At the hearing, Judge Stinnett permitted Miller to be released on bond pending sentencing. *See* DE 133. This preserved her status. *See* 65 (Minute Entry). Absent intervening orders, Defendant shall remain on release, per the stated conditions of release, as previously modified and pending sentencing. *See* DE 71.

Signed By:
*Robert E. Wier*
**United States District Judge**